983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GLOBE INDEMNITY COMPANY, Plaintiff-Counter-defendant-Appellant,
v.
TOPA INSURANCE COMPANY; Western World Insurance Company,
Defendants-Appellees,
v.
ROYAL INSURANCE COMPANY OF AMERICA, Third-party-defendant-Appellant.
 No. 91-16257.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Jan. 4, 1993.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Globe Indemnity Company ("Globe") and Royal Insurance Company of America ("Royal"), were successive third-party liability insurers of a construction firm. Western World Insurance Company ("Western") and Topa Insurance Company ("Topa"), were the construction firm's excess liability insurers. The construction firm incurred liability for progressive property damage that began during the Globe policy and continued to occur during the Royal policy, and it settled the suit out of court. Although the injured party discovered the damage during the Globe policy, the construction firm did not learn of the damage until after the commencement of the Royal policy.
 
 
 3
 The district court held that, where progressive property damage occurs during successive insurance policy periods and the insured party had no knowledge of the damage until after the commencement of the second policy, coverage exists under both policies. The court concluded that Western owed no duty to fund any portion of the settlement on the ground that the progressive property damage triggered both the Globe and Royal policies, which together were sufficient to cover the settlement. We reverse.
 
 DISCUSSION
 
 4
 The Globe and Royal policies cover property damage that "occurs" during the policy period. Occurrence is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Globe and Royal maintain that a "manifestation trigger" is appropriate in this case. Application of this trigger would preclude coverage under the Royal policy and, therefore, require Western to fund a portion of the settlement as the excess liability insurer.
 
 
 5
 Although the California Supreme Court held that the manifestation rule is appropriate in the context of first-party insurance policies, it explicitly limited its holding to the first-party context, leaving resolution of the third-party issue to another date. Prudential-LMI Commercial Ins. Co. v. Superior Court, 51 Cal.3d 674, 698-99 (1990).
 
 
 6
 California courts are divided over this issue. Two appellate courts have found it appropriate to extend the manifestation trigger to the third-party context. Pines of La Jolla Homeowners Ass'n v. Industrial Indemnity, 5 Cal.App. 4th 714, 722 (1992); Fireman's Fund Ins. Co. v. Aetna Casualty & Surety Co., 223 Cal.App.3d 1621, 1627 (1990). One appellate court has rejected this approach. California Union Ins. Co. v. Landmark Ins. Co., 145 Cal.App.3d 462, 478 (1983).[1]
 
 
 7
 The logic underlying Prudential does not necessarily yield the conclusion that a manifestation trigger is appropriate in this case. The theoretical basis of the Supreme Court's adoption of the manifestation trigger in the first-party context is the loss-in-progress rule. Prudential, 51 Cal.3d at 699. The loss-in-progress rule, codified in California Insurance Code sections 22 and 250,[2] follows from the proposition that risk management by insurance is limited to fortuitous events. In Prudential, the court held that once a loss is manifested it is no longer contingent and it therefore triggers indemnity. Id. It then concluded that "in conformity with the loss-in-progress rule, insurers whose policy terms commence after initial manifestation of the loss are not responsible for any potential claim relating to the previously discovered and manifested loss." Id.
 
 
 8
 However, while the loss-in-progress rule draws a clear line in first-party cases, it does not necessarily compel the outcome in the third-party context. In first-party cases, manifestation of damage and knowledge of the insured normally occur simultaneously. In contrast, in third-party cases, which involve an injured party who is not the insured party, the insured may not learn of the damage for a substantial period of time, or even during the life of the contract.
 
 
 9
 While it is undoubtedly true that coverage under the Globe policy was triggered by the injured party's discovery that damage was occurring to his property, the injured party's knowledge does not implicate the loss-in-progress rule which is based upon the insured party's knowledge. Therefore, the reasoning of the court in Prudential does not preclude coverage under the Royal policy.
 
 
 10
 The language of the policy, however, may preclude coverage. Western concedes that the construction firm purchased "occurrence" insurance from Royal. We must determine whether the Royal policy should be interpreted to extend coverage to damage which did not first occur during its policy period.
 
 
 11
 In a dispute between insurers concerning the meaning of standard form policy language, "the meaning attached to the provisions by the insurance industry is, at minimum, relevant." Fireman's Fund, 223 Cal.App.3d at 1629; see also Pines, 5 Cal.App. 4th at 722. The "industry understanding of the intent of the language of an 'occurrence' policy [is] to anchor all losses in the one policy in effect at 'the onset of the condition' rather than apportion over several policies." Pines, 5 Cal.App. 4th at 722; see also Fireman's Fund, 223 Cal.App.3d at 1628-29. In Fireman's Fund and Pines, the courts concluded that an "occurrence" policy does not provide coverage for progressive property damage that was manifest prior to the commencement of the policy. Fireman's Fund, 223 Cal.App.3d at 1629; Pines, 5 Cal.App. 4th at 722. There is no reason for this court to diverge from the reasoning of these California cases.[3]
 
 
 12
 We find no coverage under the Royal policy for a loss previously manifested under the Globe policy. We therefore REVERSE the grant of summary judgment in Western's favor and, because no further issues remain, remand for summary judgment in favor of Globe and Royal.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court relied on Great Southwest Fire Ins. Co. v. Watt Industries, Inc., 229 Cal.App.3d 594 (1991); however, subsequent to the district court decision, the California Supreme Court depublished Great Southwest. In addition, Stonewall Ins. Co. v. City of Palos Verdes Estates, 7 Cal.App. 4th 309, 329, review granted, 11 Cal.Rptr.2d 329 (1992), and Montrose Chemical Corp. v. Admiral Ins. Co., 3 Cal.App. 4th 1511, 1524, review granted, 1992 Cal. LEXIS 2554 (1992), are not citable, because they were superseded by the Supreme Court's grant of review. See California Rules 976 & 977
 
 
 [2]
 Section 22 provides: "Insurance is a contract whereby one undertakes to indemnify another against loss, damage or liability arising from a contingent or unknown event." Section 250 provides: "Except as provided in this article, any contingent or unknown event, whether past or future, which may damnify a person having an insurable interest, or create a liability against him, may be insured against, subject to the provisions of this code."
 
 
 [3]
 There is no evidence that the parties intended to contract for coverage of a preexisting but unknown loss, which is common in specialized fields such as maritime insurance